# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21400-Civ-COOKE/TORRES

JEREMIAH SUTHERLAND, on behalf of
himself and others similarly situated,

        Plaintiff,

vs.

HARBOUR RESTAURANT PARTNERS, LLC,
d/b/a Makoto, a foreign limited liability
company, STARR RESTAURANT
ORGANIZATION, LP, a foreign limited
partnership, STARR RESTAURANT
ORGANIZATION, GP, LLC, a foreign
limited liability company, and
STEPHEN STARR, an individual,

        Defendants.

_____/

# REPORT AND RECOMMENDATION ON
# MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION

This matter is before the Court on Plaintiff Jeremiah Sutherland's ("Movant") Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members pursuant to 29 U.S.C. § 216(b) [D.E. 32], to which Defendants have responded in opposition. [D.E. 37]. The matter was referred by the Honorable Marcia G. Cooke to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636 and S.D. Fla. Mag. J.R.1. [D.E. 33].

After careful review of the record and the arguments presented, we conclude that the Motion should be **GRANTED**.

## I.     BACKGROUND

This case arises out of Plaintiff's three-count complaint against Defendants for unpaid minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq., the Florida Constitution, and Fla. Stat. § 448.110 (2014), alleging that Plaintiff (and other similarly-situated employees) were undercompensated as a result of Defendants' improper payment scheme. Plaintiff alleged that Defendants violated federal and state law by (a) taking a "tip credit" from the servers, which resulted in earnings below minimum wage; (b) impermissibly requiring servers to give a portion of their tips to non-tipped employees (non-service bartenders); and (c) suffering or permitting the servers to work without compensation at the beginning and ending of shifts. [D.E.32].

Plaintiff Jeremiah Sutherland was a server at Makoto, a restaurant in Miami-Dade County, [D.E. 32 at 5] who claims to represent similarly situated employees [D.E. 32 at 2]. An additional individual who worked as a Makoto server has opted-in as a plaintiff by filing a consent form with the Court, as required by statute. [*See* D.E.10-4]. This individual has filed a declaration stating that there are still other servers who are similarly situated and should be notified so that they can decide if they have a desire to join in Plaintiffs' case because they believe they also have legitimate minimum and/or overtime wage claims against Defendants. [D.E. 32-4 ¶¶ 12-13]. Plaintiffs state that they are currently unaware of the full names and contact information for all such putative plaintiffs [D.E. 13 at 6], but seek certification at this time in part to notify the full list of employees of their rights.

## II.   ANALYSIS

### A.   *Applicable Principles and Law*

Plaintiffs seek relief under 29 U.S.C. § 216(b), which provides that employees affected by a defendant-employer's failure to abide by the FLSA's requirements cannot be bound to the outcome of an FLSA case unless they have filed their written consent to be joined with the Court. 29 U.S.C. § 216(b) (2008) ("No employee shall be a party plaintiff to any . . . action unless she gives her consent in writing to become such a party and such consent is filed in the court in which [the] action is brought."). Section 216(b) outlines an "opt-in" class-action which expressly requires a putative plaintiff to affirmatively opt into the action in order to be considered a class member bound by its outcome. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208.1216 (11th Cir. 2001). For this reason, it is important that similarly situated, putative plaintiffs are made aware of the pending litigation. *Id.* Court-authorized notice in a class action context helps to prevent misleading communications and ensures that the notice is timely, accurate, and informative. *See, e.g., Sealy v. Keiser School, Inc.*, 2011 WL 7641238, at *4 (S.D. Fla. Nov. 8, 2011) (quoting *Hoffman-LaRouche v. Sperling*, 492 U.S. 165, 171-72 (1989)) (quotations omitted). The notice given to putative plaintiffs should fairly advise its recipients of both parties' positions to allow them to make their own judgments. *See id.*

The Eleventh Circuit has embraced a two-part analysis to determine whether plaintiffs are sufficiently situated to support an opt-in class action, *see Hipp*, 252 F.3d at 1217, the first step of which has been coined as the "notice stage." In the notice

stage, the court is tasked with determining whether, in addition to the current plaintiffs, there exist additional employees who (1) are situated with sufficient similarity to require that they be notified of the pending case in order to be given the option to opt-in, and (2) that desire to opt-in. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). In order to maintain an opt-in class action, plaintiffs must simply demonstrate that plaintiffs are similar—but not necessarily identical—to the putative plaintiffs, see *Hipp*, 252 F.3d at 1217 (emphasis added), a standard that is "considerably less stringent" than the requirements laid out in Fed. R. Civ. P. 20 and 23 for "opt-out" class actions, see *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

The legal standard to satisfy the similarly situated requirement for the notice stage has frequently described as "fairly lenient." *See, e.g., Morgan*, 551 F.3d at 1261; *Hipp*, 252 F.3d at 1218. It essentially amounts to conditional certification, which can be more stringently tested once discovery has been undertaken. *See Morgan*, 551 F.3d at 1261 ("This first step is also referred to as conditional certification since the decision may be reexamined once the case is ready for trial."). At this stage, the moving plaintiffs must make a foundational showing that the proposed class exists; that there are additional employees who are similarly situated with respect to their job requirements and pay, and that these additional employees desire to opt in. *Dybach*, 942 F.2d at 1555-56. "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide [violations through] detailed allegations

supported by affidavits . . . ." *Grayson*, 79 F.3d at 1097. Once the moving plaintiffs satisfy this standard, the action may become conditionally certified and the putative class can then be given notice and provided an opportunity to opt in. *Hipp*, 252 F.3d at 1217.

### B.    *Basis for Conditional Class Certification*

Plaintiffs contend that Defendants implemented a restaurant-wide payment strategy that violated the FLSA's minimum and extensive preliminary work wage requirements by paying their servers less than minimum wage, taking a tip credit, redistributing their tips to non-tipped employees, and requiring servers to work "off-the-clock" at the start and finish of shifts [D.E. 32 at 2-4]. One named plaintiff originally joined the litigation, but Plaintiff contends that this practice affected numerous other employees that have yet to be identified. For these reasons, Plaintiffs argue that they meet the lenient standard required to receive conditional class certification and provide notice to putative plaintiffs.

Defendants disagree. [D.E. 40 at 2]. Defendants contend that the motion should be denied "because Plaintiff's evidence is insufficient to establish his evidentiary burden that other individuals desire to opt in and that he is 'similarly situated' to the putative class."

Upon the objective review of the record that section 216(b) requires, the Court disagrees with Defendants and finds that Plaintiffs have met the lenient standard required to receive conditional class certification. That record shows that an additional plaintiff opted-in to the lawsuit shortly after its filing, later to be joined by two other

class members who opted-in to the litigation after the filing of the motion. Specifically, on August 2, 2106, Plaintiff filed the Notices of Consent for Calvin Smith and Julia Schwartz, both of whom are former servers at Defendants' restaurant, Makoto. [D.E. 41]. That leaves us with four confirmed employees who are alleging that Defendants' restaurant improperly compensated their servers by allegedly skewing the proper operation of the tip credit pay system. If this allegation prevails, several other servers would undoubtedly also benefit from a class-wide remedy that would remedy the alleged FLSA violation.

Moreover, Plaintiffs are also alleging that overtime compensation is also owed due to their "off the clock" allegations, which if true could certainly apply to more than these individual Plaintiffs. Defendants' response in opposition to these arguments focuses largely on the allegations' lack of merit. But we need not delve into that substantive assessment of the underlying claim for purposes of this motion. Instead, the question boils down to whether the allegations raised in the complaint are susceptible to class-wide treatment. *Grayson,* 79 F.3d at 1097. At the notice stage, the underlying merit (or lack thereof) in those same allegations is far less substantial than whether the allegations are highly individualized or, like here, across-the-board. Our review of the record shows, in fact, that they are more across-the-board type of allegations (subject to Rule 11) that may properly support conditional certification.

Accordingly, we conclude that the Plaintiff's Motion should be **GRANTED** to the extent that Plaintiffs are granted conditional, opt-in class certification pursuant to 29 U.S.C. § 216(b).

### C. *Class Definition*

Plaintiffs seek to send Court-supervised notice to the following proposed class:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit, were paid as tipped employees below the Florida minimum wage and were forced to share or kick-back a portion of their tips to non-tipped employees, and were not properly compensated for all hours worked.

[D.E. 32 at 2].

In support of the parties' stipulated conditional certification, Plaintiffs cite to the joinder of similarly situated persons, as well as the affidavit of one named plaintiff who indicates they are aware of additional employees who are similarly situated. Defendants respond that the submitted affidavits are insufficient. [D.E. 40 at 2]. Defendants maintain that, "Plaintiff's Motion to Certify relies upon two cursory, virtually identical, affidavits from Plaintiff and the sole opt-in plaintiff, Stefan Klimovic [and] should be denied because Plaintiff's evidence is insufficient to establish his evidentiary burden that other individuals desire to opt in and that he is 'similarly situated' to the putative class." [*Id.*].

But Plaintiffs contend that all of the servers employed by the Defendants are "similarly situated" because: "(a) they all had the same or similar titles; (b) they all were forced to share their tips with non-tipped employees, specifically nonservice bartenders; (c) they all were suffered or permitted to work 'off-the-clock'; (d) they performed identical job duties on a day to day basis for Defendants in the restaurant; and (e) they all worked for a reduced minimum wage although Defendants did not qualify to apply their tips toward the full minimum wage" [D.E. 32 at 7]. Plaintiffs

further assert that the affidavit of a single opt-in raises allegations "beyond pure speculation," and thus notice should be permitted to proceed. [*Id.*].

The Court finds that the support in the record is sufficient in establishing a factual nexus and satisfies the "fairly lenient standard" of demonstrating that "the defined class is comprised of employees who are similarly situated to the named plaintiff with regard to the defendant's compensation practices." [D.E. 32 at 11-12]. But the proposed class definition cannot be as generic as Plaintiffs request. Only those allegations that could satisfy class-wide treatment may be raised by similarly-situated employees. The Court has relied on two different class-wide claims in granting the motion: violations of the tip credit and alleged "off the clock" hours. Accordingly, we conclude that the Plaintiff's proposed definition for the conditionally certified class should be **GRANTED** but with this added modification that clarifies the proper scope of the class allegations:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit, who were paid as tipped employees below the Florida minimum wage and were forced to share or kick-back a portion of their tips to non-tipped employees, and who were not properly compensated for all hours worked by being directed to work "off the clock" by Defendants' managers.

### D.     *Content and Manner of Notice to Putative Plaintiffs*

Plaintiff seeks authorization to provide notice and consent forms to all servers employed by Defendants within the three years' prior to sending notice, via first class mail and a physical posting in Defendants' restaurant. [*See* D.E. 32 at 18]. Plaintiffs propose that Defendants provide Plaintiff a "list of all names, last-known physical

addresses, and email addresses of putative class members in order to carry out notice." [D.E. 32 at 19]. Defendants object to the Plaintiff's proposed form of notice. [D.E. 40 at 2].

> Plaintiff's notification, in pertinent part, states the following about the Plaintiff:
>
> he is "a former tipped employee who was employed by Defendants and who claims he was forced to participate in an illegal tip-share scheme in which he shared tips with non-tipped employees, specifically a nonservice bartender who had no contact with customers, and was not paid for all hours worked.

[D.E. 32-1 at 2].

The notice also provides that Defendants deny Plaintiff's allegations and deny liability for payment of the full minimum and overtime wage or liquidated damages. [*Id.*]. The notice includes the case name, style, and pertinent court, and stresses that "[t]his notice does mean you have a valid claim or that you are entitled to any monetary recovery. Any such determination must still be made by the Court." [D.E. 32-1 at p. 3]. Additionally, the notice outlines that putative plaintiffs "may 'opt-in'" to the case and outlines the consequences of what will happen if individuals choose to opt-in or do nothing. [D.E. 32-1 at pp. 2-4]. Putative plaintiffs are instructed to complete an opt-in form in order to join the lawsuit and the notice lists contact information for Plaintiffs' counsel. [*Id.*]. The contact information for the Defendants' counsel is not listed in the notice.

Defendants object and contend that the Court should reject the Plaintiff's proposed notice for several reasons: (1) Plaintiff has poorly and too broadly defined the proposed class; (2) an opt-in notice must be neutral; (3) Plaintiff's request to post the

proposed notice and consent form at Makoto restaurant violates Defendants' First Amendment right; (4) Plaintiff failed to present facts that show notice via electronic mail is necessary; (5) the proposed notice is misleading; (6) the proposed notice does not state that opt-ins to the lawsuit may be required to actively participate in litigation; (7) the proposed notice does not have an opt-in deadline; (8) the proposed notice has the appearance of judicial endorsement or sponsorship. [D.E. 40 at 17-18].

For starters, Defendants' First Amendment objection to Plaintiff's request that the notice be posted in a conspicuous location at Defendants' restaurant lacks merit. Such a requirement is common and appropriate in a case like this. *See, e.g., Collado v. J & G Transport, Inc.*, 2014 WL 5390569. At *6 (S.D. Fla. Oct. 23,2014) (allowing notice to be posted in a conspicuous location in Defendants' business offices where putative class members could be expected to frequent) (citing other cases). Therefore, the Court finds that the Plaintiff's request to post notification is reasonable and does not constitute a constitutional injury.

Moreover, the undersigned has reviewed the contents of the notice and finds that it adequately informs all putative plaintiffs of their right to join or not join this lawsuit, and the consequences of both decisions. The Court has taken Defendants' objections into account, in part by clarifying the scope of the proposed class of individuals who would be affected.  And, Defendants correctly point out that putative class members should be informed that they may be required to participate in the litigation and that they have until a set date to join the class.  The notice should thus be modified accordingly.

In sum, the proposed notice should be adopted but with these added modifications. The class notice should provide class plaintiffs until November 15, 2016, within which to join the litigation. The notice should add that any opt-in plaintiffs may be required to participate in the litigation through requests for information and/or by possibly having to testify at trial.

### III.  CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge does hereby **RECOMMEND** that Sutherland's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members [D.E. 32] be **GRANTED** and that Class Notice (as modified) be permitted. Additionally, Defendants should be directed to provide a complete list of servers who were employed by Defendants for the three-year period prior to the filing of the litigation.

Pursuant to S.D.Fla.Mag.J.R.4(b), the Court finds good cause to expedite any objections given the current Scheduling Order. The parties shall thus have until September 30, 2016, within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of any finding in this Report and Recommendation and bar the parties from challenging on appeal the factual findings herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982)(en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 23rd day of September, 2016.

                                              */s/ Edwin G. Torres*
                                              EDWIN G. TORRES
                                              United States Magistrate Judge